UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NANCY SPIEGLA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:01cv0075 |
| MAJOR EDDIE HULL, Individually as an employee of Westville Correctional Facility; HERB NEWKIRK, Individually as Superintendent of Westville Correctional Facility; and BERNARD JOHNSON, Individually as an employee of Westville Correctional Facility, | ) |
| Defendants. | ) |

**MEMORANDUM, OPINION AND ORDER**

Now before the Court are the various motions *in limine* filed by the parties to this case, Plaintiff's motion to determine the law of the case, and Plaintiff's motion in opposition to Defendants' witness and exhibit list. The Court will address each motion individually below.

At the outset, however, a few general comments are necessary. Very recently in another case before another judge in this district, the Court of Appeals admonished that judge to, "take firm control and focus the lawyers, witnesses, and the jury on the facts identified in this opinion as being critical to the issue[s]." *Mesman v. Crane Pro Services*, 409 F.3d 846, 852 (7th Cir. 2005). The same admonition must apply in this case. It will be the aim of this Court to focus the lawyers, witnesses, and jury on the facts that are critical to the issues in this trial.

Overall, this is a fairly simple case. The decision of the Court of Appeals, as well as the ruling of this Court on summary judgment issues are part of the law of the case, are binding on

the parties' counsel and the Court, but do not need to be repeated before the jury.  It also needs to be remembered that this is not an extensive conditions of confinement case involving one of the institutions of the Indiana Department of Corrections.  It has been this Court's obligation for thirty years to handle hundreds of cases, indeed perhaps more than a thousand cases, against officials at the Westville Correctional Facility and the Indiana state prison.  Being sued in federal court is simply a routine way of life for officials of the Indiana Department of Corrections. This court will insist on trying *this* case and will resist any effort to try *other* cases, including those that may have been filed against these three Defendants.  Specifically, any effort to drag into this case *Kelley v. Indiana Dept. Corrections*, Cause No. 3:99CV00043-AS, will be strongly resisted as being irrelevant.  Likewise, employment actions that may have involved these defendants are generally irrelevant to this case.

This Court has no intention of letting this case spin out of control.  Specifically, this Court must know a great deal more about polygraph testing, lie detectors, and other similar tests as they relate to the issues in this case before it wades into that problem and permits the issue to come before the jury.  It is the firm belief here that before this Plaintiff can submit any evidence with regard to any medical, psychological, or psychiatric conditions that she must first lay a foundation using expert testimony focusing on causation.  It is also the firm conviction here that the alleged incident regarding alcohol involving Defendant Newkirk is irrelevant to the issues in this case.  Likewise, the specific limitations outlined in Rules 407 and 408 of the Federal Rules of Evidence must be followed and honored here.

Any issues excluded through these various motions *in limine* must be discussed outside the presence of the jury if they arise during the course of trial.  The Court will now turn to the

2

specific issues outlined in the submissions of the parties.

### I. Defendants' First Motion *In Limine*

In their first motion in limine, Defendants' have moved the Court to rule that several matters may not be discussed or revealed at the trial. Each of these matters will be discussed in turn.

A. References to, or allegations of, any investigations and disciplinary action and history pertaining to Defendants.

Defendants have moved this court to exclude any references to any investigations and disciplinary action and history pertaining to Defendants Hull, Newkirk, and Johnson. This evidence is not relevant to the essential issues in this case. The danger of unfair prejudice resulting from the admission of this evidence also demands its exclusion. Therefore, as it relates to this issue, the Defendants' motion *in limine* is granted.

B. References to other lawsuits in which Defendants have been named defendants.

Defendants have moved this Court to exclude references to other lawsuits in which Defendants have been named defendants. As noted above, this Court will not retry past cases involving these defendants. Evidence relating to those cases is irrelevant and the danger of unfair prejudice is substantial. Therefore, as it relates to this issue, Defendants' motion *in limine* is granted.

C. Reference to cases filed by prisoners against the Indiana Department of Corrections or Defendants.

Closely related to the previous issue is Defendants' motion that this Court exclude any reference to cases filed by prisoners against the Indiana Department of Corrections or

3

Defendants. References to such cases are irrelevant and create a danger of unfair prejudice, confusion of the issues, and would cause undue delay and must therefore be excluded. As it relates to this issue, Defendants' motion *in limine* is granted.

 D. References to alcohol being found in Defendant Herb Newkirk's office while he was out on medical leave.

 Defendants have moved this Court to exclude any references to alcohol being found in Herb Newkirk's office while he was out of the office on medical leave. Any probative value this evidence may have is substantially outweighed by the danger of unfair prejudice and must be excluded. Therefore, as it relates to this issue, Defendants' motion *in limine* is granted.

 E. References to Plaintiff receiving a decrease in pay.

 Defendants have moved this Court to exclude any references to Plaintiff receiving a decrease in pay after voluntarily applying for reassignment to the Teacher Assistant IV position. The opinion of the Court of Appeals does not require exclusion of this evidence in all contexts. While this evidence alone may not be sufficient to prove causation, it may indeed be relevant in other contexts. As it relates to this issue, Defendants motion *in limine* is denied.

 F. Evidence or allegation of a medical or psychological or psychiatric condition of Plaintiff.

 Defendants have moved this Court to exclude evidence or allegations relating to a medical or psychological or psychiatric condition of Plaintiff. More specifically, they have moved to exclude: 1) evidence of such conditions alleged to be proximately caused by any fact or allegation of Plaintiff, except that Plaintiff shall be allowed to testify in lay terms from her personal knowledge to allegations of mental anguish or emotional distress; 2) evidence or

allegation of a medical or psychological or psychiatric condition of Plaintiff alleged to be proximately caused by any fact or allegation of Plaintiff by any lay witness; and 3) evidence of expenses incurred for medical or psychological or psychiatric condition of Plaintiff alleged to be proximately caused by any fact or allegation of Plaintiff.

Plaintiff has indicated in her response to Defendants' motion that she will not introduce expert testimony regarding any medical condition caused by Defendants.  Memorandum in Response at 7, Docket No. 135.  Because the evidence sought to be excluded by Defendants is not within the scope of knowledge of lay persons and can only be drawn from qualified experts consistent with Federal Rules of Evidence 701, 702, and 703, Defendants motion *in limine* as it relates to these issues is granted.

G.  Evidence of a later remedial measure.

Defendants have moved this Court to exclude any evidence of a later remedial measure to prove any allegation of Plaintiff.  Specifically, a May 2001 Post Order from Major Hull (Plaintiff's exhibit 8) and a document outlining Operation Procedures for Searches and Shakedowns dated February 16, 2001 (Plaintiff's exhibit 14) are at issue here.  Rule 407 of the Federal Rules of Evidence requires exclusion of this evidence.  Therefore, as it relates to this issue, Defendants' motion *in limine* is granted.

H.  References to settlement negotiations.

Defendants have moved this Court to exclude any reference to settlement negotiations pursuant to Fed. Rule. Evid. 408.  Evidence of settlement and negotiation talks, including any offer of settlement the Department of Correction made to plaintiff after she filed a union grievance over her pay differential in the Teacher Assistant IV position (Plaintiff's exhibit 26),

5

must be excluded. Therefore, as it relates to this issue, Defendants' motion *in limine* is granted.

    I.  References to polygraphs, lie detector tests, voice stress indicator tests and similar tests administered to any Defendant.

    Defendants have moved to exclude any references to polygraphs, lie detector tests, voice stress tests, and similar tests administered to any defendant. Plaintiff inquired about such tests in discovery (Ridley-Turner depo., p. 25). Given the inherent problems with the reliability of such tests and the danger of unfair prejudice resulting from references to such tests, Defendants motion as it relates to this issue must be granted.

    J.  References to or allegations of criminal activity by Defendants.

    Defendants have moved to exclude any references to or allegations of criminal activity by Defendants. No evidence appears to exist in this case which would reasonably support such references or allegations. The case law cited by Plaintiff in response to this issue is wholly unpersuasive and easily distinguishable from this case. This case is not a criminal case. Any discussion of these matters is irrelevant and unfairly prejudicial. Therefore, as it relates to this issue, Defendants' motion is granted.

    K.  Evidence or references to media accounts

    Defendants have moved to exclude evidence of media accounts pertaining to smuggling of contraband into Westville Correctional Facility, including news videos, a video prison newsletter, and numerous newspaper articles. All such evidence is irrelevant to the issues before the jury in this case. They are also based on inadmissable hearsay and hearsay within hearsay. Therefore, as it relates to this issue, Defendants' motion *in limine* is granted.

### II.  Plaintiff's Motion *In Limine*

Plaintiff Nancy Spiegla filed a motion *in limine* to exclude any reference or evidence pertaining to, or allegation of, any disciplinary actions against Plaintiff Nancy Spiegla prior to 1995.  Because any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, it must be excluded pursuant to Fed. R. Evid. 403.  Therefore, Plaintiff's motion *in limine* is **GRANTED**.

### III. Defendants' Second Motion *In Limine*

Defendants filed a second motion *in limine* seeking to exclude any reference to the procedural history of this case – including rulings, the appeal to the Seventh Circuit, or the Seventh Circuit's opinion – before the jury.  This motion was not opposed by Plaintiff and is **GRANTED**.

### IV.  Defendants' Third Motion *In Limine*

In their third motion in limine, Defendants' have moved the Court to rule that three separate matters may not be discussed or revealed at the trial.  Each of these matters will be discussed in turn.

A.  Testimony of witnesses Ruth Grott, Rebecca Pezan, Dr. Angela Wheeler, Dr. Vallee Adams-Miller, Pam Pattison, and Evelyn Ridley-Turner.

Defendants have moved this Court to exclude Ruth Grott, Rebecca Pezan, Dr. Angela Wheeler, Dr. Valle Adams-Miller, Pam Pattison, and Evelyn Ridely-Turner because they were not properly disclosed as witnesses.  Pam Pattison and Evelyn Ridley-Turner were deposed before this Court on or about March 22, 2005.  As it relates to those two witnesses, Defendants' motion is denied.

As for the other witnesses, the Defendants' motion is granted.

B.  References to conspiracy or concerted action between defendants.

Defendants have moved this Court to exclude any reference to a conspiracy or action in concert by the Defendants.  Plaintiff has made reference in her Pre-Trial Order to an allegation of action between the defendants "in concert."  There is no claim of conspiracy to be litigated in this trial, and the Plaintiff cannot effectively amend her complaint through the assertion of a new claim in the Pre-Trial Order.  As it relates to this issue, Defendants' motion is granted.

C.  References to an alleged anonymous phone call received by plaintiff on or about December 3, 2000.

Defendants have moved this Court to exclude any reference to or evidence of an anonymous phone call allegedly received by plaintiff on or about December 3, 2000. (Plaintiff's Trial Exhibit 22).  There is no indication that such a phone call was from any defendant or has any connection to defendants.  This call is irrelevant to the issues at trial and must be excluded.  As it relates to this issue, Defendants' motion is granted.

### V. Plaintiff's Motion to Determine the Law of the Case

Plaintiff has also moved this Court "to determine the law of the case as it applies to previous rulings and in conjunction with the ruling of the Seventh Circuit Court of Appeals," asking this court to find as the law fo the case that: Ms. Spiegla's speech in this case is protected speech; and Defendants are not entitled to qualified immunity.  Pl. Motion at 1, Docket No. 145.  The doctrine of the law of the case requires this Court to conform any further proceedings on remand to the principles set forth in the appellate opinion, absent a compelling reason to depart.  *Law v. Medco Research, Inc.*, 113 F.3d 781, 783 (7th Cir. 1997).  Any such further proceedings in this case will conform to the opinion of the Court of Appeals, but the motion on this issue is

8

unnecessary and is **DENIED**.

## VI.  Plaintiff's Motion to Strike

Finally, Plaintiff filed a "Motion in Opposition to Defendants' Final Witness and Exhibit List," which was entered electronically as a "Rule 12(f) Motion to Strike."  Docket No. 130.  The motion asks this Court to strike the Defendants' Witness and Exhibit list as procedurally defective and tardy.  Pl. Reply Brief at 4, Docket No. 134.  Because the Defendants fully complied with this Court's April 6, 2005 Order, which stated that "the time within which Defendants are required to serve Plaintiff with their contentions, witness and exhibit lists is continued to June 1, 2005," Plaintiff's motion is **DENIED**.

## VII.  Conclusion

Therefore, based on the forgoing, Defendants' first motion *in limine* (Docket No. 132) is **GRANTED** in part and **DENIED** in part.  Plaintiff's motion *in limine* (Docket No. 137) is **GRANTED**.  Defendants' second motion *in limine* (Docket No. 141) is **GRANTED**.  Defendants' third motion *in limine* (Docket No. 160) is **GRANTED** in part and **DENIED** in part.  All rulings on motions *in limine* are made with the understanding that such rulings are subject to change during the course of trial.  Plaintiff's motion to determine the law of the case (Docket No. 145) is **DENIED**.  Plaintiff's motion in opposition to Defendants' final witness and exhibit list (Docket No. 130) is **DENIED**.

**IT IS SO ORDERED.**

**Date: July 15, 2005**

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**